IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, )<br>)<br>    *Defendant*. )<br>) | Civil Action No. 1:19-cv-879 (CJN) |

## JOINT STATUS REPORT

Pursuant to the Court's December 21, 2022 Minute Order, the parties submit the following joint status report ("JSR") to inform the Court of the status of the case.

1. This is an action under the Freedom of Information Act ("FOIA"). Plaintiff's FOIA requests seek two categories of documents related to an April 2017 meeting between Department of Justice ("DOJ" or "Department"), Federal Bureau of Investigation ("FBI") personnel, and reporters for the Associated Press ("AP"). These records regard, concern, or relate to the meeting and include all records of communication between any official, employee, or representative of the DOJ and any of the individuals present at the aforementioned meeting. Complaint ("Compl."), ECF No. 1, ¶¶ 6, 8. The requests further stated that, "[f]or purposes of clarification, the meeting that is the subject of his request was reported on by Politico on June 29, 2018," and provided a hyperlink to a Politico news article entitled "Associated Press May Have Led FBI to Manafort Storage Locker." *Id*; *see* https://www.politico.com/story/2018/06/29/paul-manafort-storage-locker-associated-press-687776.

1

2.  The records that remain at issue are those of former U.S. Attorney ("AUSA") Shreve Ariail. Based on records produced to Plaintiff by DOJ's Criminal Division ("CRM") during the course of these proceedings, Ariail is known to have attended the meeting in question and the Court ordered on March 28, 2022, that his records must also be searched. *See* Memo. Opinion, March 28, 2022 at p. 13 (ECF No. 32).

3.  The parties remain at an impasse, consistent with their respective positions as stated in the previous status reports, and they each submit their positions below separately. *See* JSR, Dec. 2, 2022 (ECF 36); JSR, Dec. 16, 2022 (ECF 37); Pl. Status Report, Jan. 6, 2022 (ECF 38), and Def. Notice Regarding Pl. Status Rpt. (ECF 39).

**Plaintiff's Position**

4.  In yet another effort to confer, Plaintiff asked Defendant this week to confirm when Ariail's emails were deleted and details about the deletion. Yet, Defendant continues to refuse to provide direct answers or any answers at all. See Email String between counsel dated January 17, 2023 through January 19, 2023, attached hereto as Exhibit 1. Defendant's cherry picking which questions to answer or what information to disclose demonstrates the need for the Court to order a status hearing so that the parties can fully present their positions and the Court can ask pointed questions where clarification is needed.

5.  Ariail's records are significant to Plaintiff's request. He was among the three DOJ attorneys who attended the meeting and according to his current law firm's website, he was the former Chief of Organized Crime and Gangs for the Eastern District

of New York.[1]  Yet all of his records that are known to exist in this case and relevant to Plaintiff's FOIA request are "missing" from the EOUSA's office.  It should also be mentioned that Ariail's records are the second set of records that appear to be "missing" or unable to be located by the government in this case.  The first set of records was the government's trial binder in the prosecution of Paul Manafort that contained statements about the subject meeting.  *See* Pl. Memo. in Opposition to Def. MSJ, pp. 13-15 (ECF 26 – pp. 17-19 using ECF pagination).

6.     Since the issue surrounding the government's preservation of Ariail's emails and records surfaced, obvious questions arose from the DOJ's own statement and the Request for Records Disposition Authority ("Records Disposition Authority") that was provided to Plaintiff on November 29, 2022.  *See* ECF 38 at ¶¶ 3-7; ECF 37 at ¶¶ 3-9; and ECF 36 at ¶¶ 5-9.

7.     On November 29 Defendant provided to Plaintiff the Record Disposition Authority (ECF 36-1) and this general statement when asked about the status of Ariail's records:

> In the absence of a litigation hold or some other reason to preserve documents for a longer period of time, [EOUSA's] standard retention policy is that business emails (including attachments) are temporary records that are retained for 3 years, after which they are automatically deleted from the USAMail storage system.

Since then, Defendant has provided only limited, piecemeal information, and continues to press for a premature round of summary judgment motions in an obvious attempt to avoid

---

[1]   *See* https://www.jenner.com/en/news-insights/news/shreve-ariail-former-cia-deputy-general-counsel-and-section-chief-at-us-attorney-s-office-for-the-eastern-district-of-new-york-joins-jenner-block (last accessed Jan. 20, 2023).

answering the questions posed by its own submissions.  *Id*.; ECF 36-1.

       8.     The Record Disposition Authority appears to apply to "Temporary" records only.  *See* ECF 36-1 at p. 5 (using ECF pagination) ("Final Disposition – Temporary").  This begs the questions what happened to Ariail's permanent records, such as his substantive emails the Court and parties know about in this case, and why would EOUSA consider them "Temporary," if that indeed is its position.  *Id.*; ECF 38-1.  Emails with Ariail that were previously produced by other custodians – substantively commenting on the government's prosecution strategy of Paul Manafort and briefing – appear on their face to be permanent federal records.  *See* ECF 38-1.  Certainly, Defendant agreed with Plaintiff's assessment when it produced these records in response to Plaintiff's FOIA request.  ECF 38 at ¶ 5; *Id.*  It is unclear whether Defendant is now taking the opposite view and considering these emails non-federal records or "Temporary."  Nonetheless, it should state so if it is, and if DOJ does not consider them "Temporary," it needs to sufficiently explain to the Court and Plaintiff what happened to these records and what retention policy applies to them.  As Defendant previously disclosed, some of Ariail's emails were retained while others were not.  ECF 38 at ¶¶ 4-5.

       9.     The Record Disposition Authority further states that "DOJ components covered by this item must use the longest retention in the range unless the Component submits to the Office of Records Management Policy (ORMP) their written policy and practice establishing standardized retentions within the retention range set by this schedule."  ECF 36-1 at p. 5 (using ECF pagination).  The retention range set forth by the written Disposition Authority is 3 to 7 years.  Defense counsel has noted that EOUSA

retains "business emails" for 3 years but Defendant has not provided any such "written policy and practice establishing" the 3-year retention policy. If there is no such written policy and practice established by EOUSA, the retention period would be 7 years, not 3.

10. Defendant's general statement explaining EOUSA's policy also fails to provide any more clarity on the status of Ariail's permanent records and raises the same questions as before. How does Defendant define "business emails" as used by its attorney? Was the "standard retention policy" as stated above followed for Ariail's records? In other words, were the emails produced by the other custodians deleted as "business emails," and what does that mean? ECF 38-1. DOJ disclosed that some of Ariail's emails were retained while others were not, but it has yet to explain how EOUSA determined which emails were retained and which were not. Defendant has provided conflicting information that requires an explanation about what process or policy EOUSA used to delete emails and how it determined which of Ariail's emails to delete. Further, is the automatic deletion permanent or are the emails archived so that they may be restored if necessary? To this date, Defendant refuses to answer when Ariail's emails were deleted and specifically the emails the Court and the parties know about. ECF 38-1.

11. As noted in the previous Status Reports, these questions and those raised in Plaintiff's previous filings cannot remain unanswered. ECF 38 at ¶ 7; ECF 37 at ¶ 9; ECF 36 at ¶¶ 6, 8. Summary judgment briefing at this juncture as requested by Defendant would only further delay the answers to these questions and the adjudication and resolution of this four-year old case.

12. Therefore, Plaintiff respectfully requests that the Court order a Status

Conference to address the issues raised herein or for the Defendant to submit the requested information in detailed declarations to the Court.

### **Defendant's Position**

13.     Defendant incorporates its position set forth in the previous joint status reports with respect to the issues addressed above. Defendant has answered Plaintiff's questions, and those answers have just beget more questions and more argument in status reports, all of which is far afield from a FOIA case. Since the previous JSR, in response to outreach from Plaintiff, Defendant informed Plaintiff, in the interest of avoiding further briefing, that neither former AUSA Ariail, nor any other DOJ official on the records CRM produced and on which former AUSA Ariail was copied, was a Capstone official. Plaintiff was not satisfied with this additional information. Defendant therefore reiterates its position that the parties brief the adequacy of DOJ's search of former AUSA Ariail's records, according to the following briefing schedule, which varies slightly from the one previously proposed:

- Defendant shall file a motion for summary judgment on or before March 9, 2023.
- Plaintiff shall file a combined cross-motion for summary judgment and opposition to Defendant's motion on or before April 20, 2023.
- Defendant shall file a combined reply in support of its motion and opposition to Plaintiff's motion on or before May 18, 2023.
- Plaintiff shall file a reply in support of its motion on or before June 19, 2023.

Dated: January 20, 2023                          Respectfully submitted,

JUDICIAL WATCH, INC.                             BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney
*/s/ Ramona R. Cotca*                            General
Ramona R. Cotca (D.C. Bar No. 501159)
JUDICIAL WATCH, INC.                             MARCIA BERMAN
425 Third Street SW, Suite 800                   Assistant Branch Director
Washington, DC  20024
Tel.:   (202)646-5172, ext. 328                  */s/ Antonia Konkoly*
Email:  rcotca@judicialwatch.org                 Antonia Konkoly
                                                 Trial Attorney
*Counsel for Plaintiff*                          U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L St., NW, Room 11110
                                                 Washington, DC  20005
                                                 (202)514-2395 (direct)
                                                 (202)616-8470
                                                 antonia.konkoly@usdoj.gov

                                                 *Counsel for the Defendants*