# **Exhibit 1**

## Update pertaining to JW v DOJ (AP meeting case)

Konkoly, Antonia (CIV) <Antonia.Konkoly@usdoj.gov>
Mon 3/6/2023 4:54 PM

To: Ramona Cotca <rcotca@JUDICIALWATCH.ORG>

[EXTERNAL EMAIL]

Hi Ramona,

I wanted to let you know in advance of the hearing on Thursday about a very recent development pertaining to the AP meeting case. In January, I had a brief telephone conversation with former AUSA Ariail, in which he confirmed that EDNY did not have any case file that would have been relevant to that meeting, and that any emails he had sent or received about the meeting were not of the nature that, per EDNY policies and practices, he would have saved to a case file had there been one. Separately (and more recently), I received a call from EDNY informing me that they had located notebooks that had been kept by AUSA Ariail, one of which included notes from the relevant time period. The current EDNY custodian of the notebooks – a former colleague of Mr. Ariail – was contacted by former AUSA Ariail, who alerted the former colleague about the litigation. The colleague had not previously been aware of either JW's FOIA request, or this lawsuit. Nor did EOUSA have any reason to believe that the former colleague had Mr. Ariail's notebooks in his/her office. However, upon being informed by Mr. Ariail of this lawsuit, the former colleague located the notebooks, and searched them. The former colleague was able to locate Mr. Arial's meeting notes from the April 11, 2017 AP meeting.

The former colleague did not attend the AP meeting, but both he/she and Mr. Ariail attended a separate meeting, later that day (the "afternoon meeting"), at which the former colleague recalled that the AP meeting might have been discussed. Accordingly, the former colleague also searched for, and located, Mr. Arial's notes of the separate afternoon meeting – as well as his/her own handwritten notes that include notes from that same afternoon meeting.

The former colleague was cc'd on some emails subsequent to the AP meeting, and is one of the names that was redacted pursuant to Exemption 6 on the emails that CRM produced. Because the former colleague also recalled this email correspondence, he/she *sua sponte* further searched his/her Outlook account, and located 17 potentially responsive emails. (Because the former colleague is still employed by the EDNY USAO, and had not deleted these emails from his/her active Outlook mailbox, they were not subject to the 3 year automatic deletion policy that DOJ has previously described to JW via email, and in court filings.)

Thus, in short, due to DOJ going above and beyond what FOIA requires, and contacting a former AUSA to get additional insight on the matter, approximately 20 additional, potentially responsive records have been located.

EOUSA is now in receipt of (1) the three sets of handwritten notes described above, as well as (2) the 17 potentially responsive emails that the former colleague found by manually searching his/her email account. EOUSA will be processing these records for responsiveness, and to determine what if any exemptions apply to any records that are determined to be responsive. I do not yet have an estimated date for the completion of this process, but will share that further information with you when it becomes available.

I plan to inform the court of these developments at Thursday's hearing – and further wanted to provide JW advance notice of the same.

Thanks,
Toni

Antonia Konkoly
Trial Attorney

U.S. Department of Justice
Civil Division | Federal Programs Branch
Direct line: (202) 514-2395
email: Antonia.Konkoly@usdoj.gov