IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>    *Plaintiff*, )<br>) <br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>    *Defendant*. )<br>) | Civil Action No. 19-cv-0879 (CJN) |

### DECLARATION OF RAMONA R. COTCA

I, Ramona R. Cotca, declare and state as follows:

1. I am an attorney employed by Judicial Watch, Inc. ("Judicial Watch") and counsel for Plaintiff in the above-captioned matter. I have personal knowledge of the matters set forth below.

2. Attached hereto as Exhibit 1 is a true and correct copy of the email exchange between myself, as counsel for Plaintiff, and Antonia Konkoly, attorney of record for Defendant in this case, from September and October 2020, about Defendant's search, including the records from EOUSA for Shreve Ariail's records. The relevant portions are highlighted for ease of reference for the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 21, 2023, in Washington, D.C.

/s/ *Ramona R. Cotca*
Ramona R. Cotca

# **<u>Exhibit 1</u>**

**From:** Ramona Cotca
**To:** Konkoly, Antonia (CIV)
**Subject:** Re: Judicial Watch, Inc. v. U.S. Dep"t of Justice, Case No. 19-879
**Date:** Tuesday, October 20, 2020 2:37:17 PM

Toni-

As mentioned in my email below, JW is still waiting for a response from your client on a number of issues I raised in my September 25 email.

They include:

- FBI expanding the search terms and a search of the 3 custodians who attended the meeting. It seems that a search of their records is a logical starting point since they attended the meeting. In addition to the search terms JW proposed in my September email. JW requests that the term "Manafort" and "locker" be included so that records that include both of these terms are reviewed for responsiveness. It is reasonable to conclude that records containing both of these terms are potentially responsive to the FOIA request. JW is also waiting for a response to its request that the FBI search OPA for records responsive to the FOIA request.

- CRM's search of Shreve Arial's emails. Again, considering that he attended the meeting, this is a logical place to look for potentially responsive records. You note that JW has the option of submitting a separate FOIA request to Mr. Arial's office in NY, however, that is not what FOIA requires. Plaintiff submitted a proper FOIA request to DOJ and DOJ has the burden to identify the components with potentially responsive records and request that those components search for potentially responsive records. I have not heard back from you on this issue.

In the interest of time, I have also conferred with my client on the few responses you provided in your Oct. 2 email. In response to your explanation about OIP's search of OSC's emails, JW understands that OSC email accounts may not have existed at the time of the meeting, but the search declaration is not at all clear that pst files, paper files or any other electronic files that were brought over by any of the OSC staff from their previous positions to the OSC were searched. Paper files and electronic files that were created while OSC was in effect would also need to be searched with the broader search terms identified. The declaration only speaks to a search for OSC emails created during the pendency of the office and a search of electronic records only for the binder referenced in the Politico article.

In regards to the search terms, JW requests that Defendant (all components with potentially responsive records, including OIP, CRM, SCO, etc.) also include "Manafort" and "locker" as a search term so that records that include both of these terms are reviewed for responsiveness. This search term is in addition to the ones identified in my September 25 email.

Finally, in response to your proposal that OIP's expand the search terms as requested by JW only if JW agrees to waive challenges to the adequacy of the search, JW cannot waive legal challenges based on information it does not have.

I am happy to discuss any of these points if that would be helpful. Otherwise, let me know once you have a response from your client on all of the issues raised here and in my September 25 so that I can meaningfully confer with my client in advance of our next JSR.

Thanks,

Ramona R. Cotca
JUDICIAL WATCH, INC.

---

**From:** Ramona Cotca
**Sent:** Monday, October 19, 2020 12:30 PM
**To:** Konkoly, Antonia (CIV) <Antonia.Konkoly@usdoj.gov>
**Subject:** Re: Judicial Watch, Inc. v. U.S. Dep't of Justice, Case No. 19-879

I thought you were going to get back to me about the supplemental search requested by JW?

Best regards,
Ramona R. Cotca

> On Oct 19, 2020, at 11:49 AM, Konkoly, Antonia (CIV) <Antonia.Konkoly@usdoj.gov> wrote:
>
>
> Hi Ramona,
>
> Just following up on the below; I believe the ball is presently in JW's court, to let us know your reaction to our proposals below. Please let me know your thoughts at your earliest convenience.
>
> Thanks,
> Toni
>
> ---
>
> **From:** Konkoly, Antonia (CIV)
> **Sent:** Friday, October 02, 2020 2:04 PM
> **To:** Ramona Cotca <rcotca@JUDICIALWATCH.ORG>
> **Subject:** RE: Judicial Watch, Inc. v. U.S. Dep't of Justice, Case No. 19-879
>
> Hi Ramona,
>
> Thanks for your questions regarding the agencies' respective responses to your FOIA request. We take the position that all agencies' searches were adequate. However, in the interest of compromise, and of hopefully resolving this case without resort to motion practice, at this time I can provide the following additional information.
>
> <u>OIP</u>: In the interest of compromise – and specifically, in exchange for an agreement that if OIP would not challenge OIP search adequacy – OIP is willing to run targeted, additional searches, employing the following terms:

- "AP" AND "meeting"
- "Associated Press" AND "meeting"
- "etucker@ap.org;"
- "jhorwitz@ap.org;"
- "tbridis@ap.org;"
- "jgillum@ap.org"

However, we cannot agree to the expanded timeframe you request. The April meeting occurred before the SCO's office existed, and – for hopefully obvious reasons – it is not possible for OIP to search SCO records that do not and cannot exist, because the SCO was itself not yet in existence. Mr. Weismann started at SCO at the end of June 2017, and the only other (future) SCO employee in attendance at the April meeting started at SCO on May 18, 2017. Accordingly, OIP used 5/18/17 as the start of its search timeframe.

CRM: A search of Shreve Ariail's email will require a routing of your request to EOUSA. The Criminal Division is considering whether or not it will route your FOIA request to EOUSA. Alternatively, Judicial Watch can submit a FOIA request to EOUSA directly.

With respect to the challenged redaction on page CRM-029 – the redacted information is not logistical, but rather reflects deliberative discussions regarding the purpose of the meeting that is the subject of your request, as well as the proper procedures for standing the meeting up. We will defend that redaction should JW chose to litigate it – but to your other point about the email being cut off at the bottom of the page, I am also attaching here a copy of pages CRM-029-30 together. Both pages have been previously produced to you – I'm not entirely sure how this point of confusion may have arisen, but without re-tracing all of the productions, hopefully having the two pages together here in the attached pdf will clear that up.

FBI: We are still conferring internally regarding some of the questions you pose. However, to clarify – FBI did in fact search its CRS in response to your request. On second look, the draft declaration we provided to you did not make that clear – so your question is certainly a fair one. But I have confirmed with FBI that it did in fact search the SCO file within CRS, after FBI identified this file as the one that would contain any responsive records. If we proceed to SJ practice, our final declaration will make that more clear.

Additionally, and to further clarify, FBI submitted a supplemental search request to the Office of Public Affairs ("OPA") on Friday, October 2, 2020. The request was for any and all records concerning the April 2017 meeting as well as any and all communications OPA may have in its possession. FBI requested OPA respond by October 9, 2020.

With all of this in mind, for purposes of today's filing we would like to tell the court that the parties are actively conferring, and request 4 weeks (so, to Oct. 30) to continue these discussions, at which point we will file a further JSR.

Please let me know if that works for you and I can draft up a JSR. I'm also available to chat this afternoon if helpful.

Thanks,
Toni

---

**From:** Ramona Cotca <rcotca@JUDICIALWATCH.ORG>
**Sent:** Friday, September 25, 2020 7:14 AM
**To:** Konkoly, Antonia (CIV) <ankonkol@CIV.USDOJ.GOV>
**Subject:** Judicial Watch, Inc. v. U.S. Dep't of Justice, Case No. 19-879

Toni-

Plaintiff reviewed the drafts provided by Defendant: FBI's draft search declaration and draft *Vaughn* index, CRM's draft search declaration and draft *Vaughn* index, and the draft search declaration provided on behalf of the Office of Special Counsel. Judicial Watch has several concerns regarding the searches conducted and a few redactions. I will address each concern by the component.

FBI's Search
It appears that the FBI did not search its Central Records System (paragraph 9 of the search declaration) despite the fact that what the FBI received from the AP were clearly investigative records. Plaintiff believes this system should be searched.

The custodian records, including email records, of the three FBI agents who attended the meeting, Jeff Pfeiffer, Karen Greenaway, and George McEachern, should also be searched. The draft search declaration indicates that only one of their records systems was searched. The records of another, who is no longer with the Bureau, were only searched within the SCO investigative files. See paragraph 14. This is particularly inadequate because the meeting at issue predated the establishment of the Special Counsel's Office. Given Greenaway's key role in the Manafort case, this further highlights the need to search these custodians' records.

The Office of Public Affairs (OPA) should also be searched for responsive records. The declaration claims that the meeting "was properly coordinated through OPA," but the FBI only searched OPA for a complain referenced in a different FOIA case, not records of the meeting and the records requested in this FOIA case. See paragraph 19. OPA should be searched for responsive records to the request issued in this case.

The search term used by the FBI is exceedingly narrow. See paragraph 12 and 14. The FBI used one search term only. It does not include obvious terms, such as Manafort, locker and the names of the reporters who attended the meeting. Given that Plaintiff provided a very narrow time frame for the requested search, the search should also expand to include these search terms that have a clear nexus to the subject matter of

Plaintiff's FOIA request.

CRM

The record system for EDNY AUSA Shreve Ariail should also be searched.  There are several responsive emails with Shreve Ariail.  As your client knows, he was at the April 2017 meeting, but there is no indication on the draft search declaration that his records systems, including emails, were searched.

In addition to the search, Plaintiff also believes that the b5 redaction on page 5 of the April 10th production (CRM-029) to Kendall Day's email is in appropriate and requests that the redaction be removed.  The email exchange appears to discuss logistics and not internal agency deliberations. Further, any names of individuals who attended the meeting should be unredacted.  Finally, the record produced cuts off the email chain.  Page CRM-029 ends with a partial email from Ann Brickely with CRM to others.  The record ends midsentence and does not include the entire email chain.

OIP (on behalf of Special Counsel's Office)

The search terms used by OIP are also overly narrow.  They do not include terms, such as "Manafort" or the names of the reporters, all which have a clear nexus to the subject matter of Plaintiff's FOIA request.  Again, given that Plaintiff has a narrow timeframe for the request, the search should be expanded to include these search terms.  OIP also limited the date range from May 18 to October 11, 2017, although the meeting at issue occurred in April.  The date range should also be expanded to include the April meeting.

OIP's search is clearly insufficient under FOIA.  OIP also stated that the search resulted in no responsive records although emails from Weismann forwarding an email to his SCO email account exist.  *See e.g.* March 13 production, p. 9.  The email does not contain the term "locker," which is an interesting search term chosen by OIP, but it does include the obvious term, "Manafort" which was excluded from OIP's search.

Let me know if your client would like to continue in further discussions to resolve any of these issues.  Otherwise, we would likely need to confer about a briefing schedule.

Thanks,

Ramona R. Cotca
JUDICIAL WATCH, INC.

<CRM-029 - CRM-030 10.2.20.pdf>