**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JUDICIAL WATCH, INC.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>    *Defendant*. |

Civil Action No. 19-cv-879 (CJN)

**MEMORANDUM OPINION**

The only remaining question in this long-pending FOIA suit is whether the Department of

Justice is appropriately withholding certain information under Exemption 5.  The Court agrees

with the government that the withheld information is covered by that exemption.

## I.     Background

The Court assumes the Parties' familiarity with the underlying facts.  In April 2017,

reporters for the Associated Press met with employees of the Department of Justice's Criminal

Division, the FBI, and the U.S. Attorney's Office for the Eastern District of New York in relation

to a story the AP was working on about Paul Manafort, the former campaign manager for Donald

Trump's 2016 campaign.  *See* ECF No. 27 at 6–7.  During that meeting, AP reporters asked the

DOJ attendees about one of Manafort's storage lockers.  *Id*. at 7.  Those attendees, and others, met

later without the reporters and discussed, among other things, the earlier meeting.  *See* ECF No.

50 at 10.  The AP eventually published a story reporting over $1 million in black ledger payments

from Ukrainian officials to Manafort's companies.  *See* Jack Gillum, Chad Day, and Jeff Horwitz,

*AP Exclusive: Manafort firm received Ukraine ledger payout*, ASSOCIATED PRESS (Apr. 12, 2017),

https://apnews.com/article/20cfc75c82eb4a67b94e624e97207e23.  Politico later reported a story about the AP reporters' meeting with DOJ.  *See* Josh Gerstein, *Associated Press may have led FBI to Manafort storage locker*, Politico (Jun. 29, 2018) ("Manafort Politico Story"), https://www.politico.com/story/2018/06/29/paul-manafort-storage-locker-associated-press-687776.

The FOIA request relevant here sought all DOJ records and communications relating to the meeting with the AP reporters, and explained that Judicial Watch was principally interested in the meeting described in the Politico article.  *See* ECF No. 26 at 7.  After various productions, searches, and cross-motions for summary judgment, in March 2022, the Court concluded that DOJ had conducted a mostly adequate search, but that the search was inadequate with respect to one employee's records, and therefore ordered DOJ to conduct a search of those records.  *See Judicial Watch, Inc. v. Dep't of Justice*, 19-cv-879 (CJN), 2022 WL 898825, at *1 (D.D.C. Mar. 28, 2022).

Since then, DOJ has conducted that and other searches and produced additional documents.  Judicial Watch, for its part, no longer contests the adequacy of the government's search or some of its withholdings.  *See generally* ECF No. 58; *see id.* at 1, n.1.  Instead, the only remaining dispute relates to whether certain materials are covered by the attorney work-product doctrine.[1]

### Legal Standards

"[T]he vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v. Office of U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011).  When, as here, the only question at summary judgment is the propriety of the agency's withholdings, "an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"

---

[1] Judicial Watch also argues that DOJ's handling of its FOIA request was arbitrary and capricious.  *See* ECF No. 58 at 8-9.  This argument, though irrelevant at the summary judgment stage of briefing, may be relevant at the fees stage.

*Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

## Analysis

Exemption 5 permits the government to withhold from production "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency[.]"  5 U.S.C. § 552(b)(5).  Exemption 5 applies to documents protected by the attorney work-product doctrine—that is, documents "prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A).  This doctrine covers not just documents prepared for a specific case, but also "documents prepared in *anticipation* of foreseeable litigation, even if no specific claim is contemplated" at the time of the document's creation.  *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992) (emphasis added).  The purpose of the doctrine is to "provide[] a working attorney with a 'zone of privacy' within which to think, plan, weigh facts and evidence, candidly evaluate a client's case, and prepare legal theories."  *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980).

The work-product doctrine under Exemption 5 is subject to the "because of" test.  *See Nat'l Ass'n of Crim. Def. Laws. v. EOUSA*, 844 F.3d 246, 251 (D.C. Cir. 2016).  Under this test, courts ask whether a document can fairly be said to have been prepared because of the prospect of litigation, in light of its nature and the circumstances under which it was created.  *See id.* (quoting *United States v. Deloitte LLP*, 610 F.3d 129, 137 (D.C. Cir. 2010)).  This test asks whether the attorney subjectively believed that litigation was a real possibility and whether that subjective belief was reasonable.  *EOUSA*, 844 F.3d at 251 (quoting *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)).

Here the government is withholding handwritten notes taken by two Assistant U.S. Attorneys. The first (Ariail) was present at both the AP meeting and the later DOJ-only meeting. The government argues that the handwritten notes contain Ariail's "mental impressions concerning information related to potential criminal activity." *See* Vaughn Index, ECF No. 48-2 at 20. Judicial Watch counters that if it was AUSA' Ariail's "normal course of conduct to take notes to memorialize a meeting" that it is unlikely that those notes contain his "mental impressions and deliberations on an investigation or anticipated litigation." *See* ECF No. 50 at 19. But Judicial Watch is merely speculating, which is not enough at this stage. After all, AUSA Ariail was acting as a DOJ lawyer, not a stenographer. The government argues (and it is reasonable to assume) that the notes he took at a meeting about a possible lead would contain his considered judgment as to what facts he found credible from the AP, which leads could possibly lead to a crime, and what evidence he could actually rely on in the course of his work. And even if he wrote down verbatim only what was said, his notes would still reflect his judgment about what was, or was not, relevant. Such notes are just as much work product as a defense attorney's handwritten notes of a witness interview or an in-house counsel's handwritten notes from interviewing employees.[2] For the same reasons, the notes taken by the second AUSA (who attended only the second, DOJ-only meeting) are work product. *See* Gonzalez-Rivera Decl., ECF No. 48-3 at 2.

The government also redacted one sentence in an email between two DOJ attorneys, sent a day after the AP meeting, in which they discussed various issues relating to the Manafort investigation. *See* Vaughn Index, ECF No. 48-3 at 21. According to the government, that sentence is a deliberation "in which two DOJ attorneys who had attended the AP Meeting discussed

---

[2] AUSA Ariail's notes from the afternoon meeting with DOJ officials "do not make any reference to [the] morning's 'AP meeting'" and are therefore not responsive to Judicial Watch's FOIA request, *id*. at 13, n.1, a position that Judicial Watch does not contest.

potential investigative steps." Cain Decl., ECF No. 48-2 at 13. Such a discussion was in reasonable anticipation of litigation and is therefore also subject to the work-product doctrine.

### Conclusion

For the forgoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 50, and **GRANTS** the government's Motion, ECF No. 48. An Order will issue contemporaneously with this Opinion.

DATE: March 21, 2024

_____
CARL J. NICHOLS
United States District Judge